JENNIE E. ERWIN and LULU M. ERWIN v. GEORGE F. LUTZ, MARY A. LUTZ and LOUIS LUTZ, Appellants.

**Fraudulent conveyances.** Where there is no evidence to show that a minor son held the title to property under a deed from his father in trust for his parents, except possession by them for a short time, and nothing to show that the conveyance was to defraud creditors of the wife, the same cannot be subjected to payment of her debts under a mortgage given by herself and husband subsequent to the conveyance.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

WEDNESDAY, JULY 3, 1907.

ON March 31, 1902, George F. Lutz became owner of lot 10, block 2, in Davis & Brooks addition to the city of Marion, Iowa, and in July, 1902, conveyed it to his son, Louis Lutz, a minor of sixteen years. In May, 1904, George F. and Mary A. Lutz purchased lot 3 in said block 2, for a consideration of $550, and procured a loan from plaintiffs, through their agent, of $600, with which to pay for the same, joining with Louiz Lutz in executing a mortgage on said lots

2 and 10 to secure the payment of a note therefor executed
by Mary A. Lutz to plaintiffs. This mortgage was duly re-
corded. Thereafter Louis Lutz instituted an action in
which he disaffirmed the making of said mortgage, and
prayed that it be canceled. A decree was entered in
October, 1905, granting the relief prayed. A suit was be-
gun in September of that year by plaintiffs, in which all
of the defendants were made parties, demanding the fore-
closure of the mortgage. To this Louis Lutz, through a
guardian *ad litem,* interposed the defense that the mortgage
as to him had been canceled, and that he was the owner of
lot 10, and was such prior to and at the time of the execu-
tion of the mortgage. A decree of foreclosure was entered
against George F. and Mary A. Lutz, and the petition was
dismissed as to Louis Lutz " without in any manner de-
termining what, if any interest, he may have in the mort-
gaged property." This action was begun in October, 1905.
The foregoing facts are recited in the petition, and, in ad-
dition thereto, it is alleged that the deed to Louis Lutz was
executed by George F. Lutz to hinder and delay creditors,
and that the title thereto was vested in said Louis Lutz in
trust for George F. and Mary A. Lutz, and was executed
voluntarily and without any consideration, and that by rea-
son thereof these defendants are estopped from setting up
ownership of said lot in Louis Lutz, and from denying the
right of plaintiffs to enforce their mortgage against the prop-
erty. The prayer is that the deed be canceled and set aside,
and Louis Lutz be decreed to have no interest in said lot 10,
except such as is subject to the said mortgage, and that he be
barred from ever claiming an interest therein superior
thereto. The answer admitted the facts as recited, but de-
nied that the conveyance to Louis Lutz was without con-
sideration, or was made to hinder and delay the creditors of
George F. Lutz, and denied that the title was held in trust
for his parents, and pleaded the decree setting aside the mort-

gage at a former adjudication. Decree was entered as prayed, and defendants appeal.— *Reversed.*

*F. L. Anderson,* for appellants.

*J. M. Thompson* and *Voris & Haas,* for appellees.

LADD, J.— Lot 10, in block 2, of Davis & Brooks addition to the city of Marion, was owned by George F. Lutz when he conveyed it to his only son Louis Lutz in July, 1902. The indebtedness of Mary A. Lutz to the plaintiffs was incurred in May, 1904. Whatever may have been the purpose of George F. Futz in conveying the lot there is nothing in the record to indicate an intention on his part by so doing to hinder, delay, or defraud the present or future creditors of his wife; nor, for that matter, is there any evidence of an intention to defraud subsequent creditors of himself, though that issue is not involved for the notes to plaintiffs were executed by his wife only. Appellees argue, however, that Louis Lutz took and is holding the legal title to said lot in trust for his parents, and therefore, as the mortgage to plaintiff covering it, and securing the indebtedness of Mrs. Lutz, was signed by them, said mortgage should be enforced against the lot. The record contains no evidence whatever supporting this contention. His parents occupied the premises for a short time, but the mere fact of such occupancy and that possibly the deed was without consideration were not alone sufficient to establish the existence of the alleged trust relation. The conveyance was absolute in form and passed title to him.

There is no evidence whatever that he was to apply or deal with the property or its rents and profits according to any confidence reposed in him, and he incurred no obligations whatever with reference to the property. The testimony that the deed was executed upon the promise of Louis that he would remain at home and help his parents to make

a living and some other matters is undisputed. Whether he has performed this promise is not relevant to the present inquiry, though the record indicates that he has done so. He incurred no obligation with reference to the property itself, and for all that appears acquired the fee title unincumbered and without any reservation whatever. The mortgage to secure the payment of the indebtedness to plaintiffs, covering this lot, was executed by him, but was afterwards disaffirmed and canceled by decree of court. In so far as the creditors of Mrs. Lutz are concerned, they cannot complain of the gift by her husband to Louis, and, as neither of his parents retain any interest whatever in the property, there is no ground for subjecting it to the payment of the indebtedness of his mother.

The decree is without support in the evidence, and for this reason is *reversed*.